O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kim Edward Laube, an individual,<br><br>             Plaintiff,<br>   v.<br>Furminator, Inc., an Indiana Corporation,<br><br>             Defendant. | CV 10-7328 RSWL (SSx)<br><br>**ORDER Re: Plaintiff Kim Edward Laube's Motion for Reconsideration of Dismissal With Prejudice [49]** |

On March 22, 2011, Plaintiff Kim Edward Laube's Motion for Reconsideration of Dismissal With Prejudice [49] came on for regular calendar before this Court. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Plaintiff's Motion for Reconsideration of Dismissal With Prejudice.  Federal Rule of Civil Procedure 59(e) permits a court to alter

1

or amend a judgment previously entered. Fed. R. Civ. P. 59(e).  The term "judgment" as used in the Federal Rules of Civil Procedure includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).  Thus, Rule 59(e) permits a district court to reconsider an order of dismissal. See Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. 1993) (finding that a motion to alter or amend a judgment is permissible in cases that have been resolved through an order of dismissal).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).

The following patents are at issue in this case: 6,782,846 (the '846 Patent), 7,077,076 (the '076 Patent"), 7,222,588 (the '588 Patent"), 7,334,540 (the '540 Patent"), 7,509,926 (the '926 Patent") (hereinafter and collectively "the Patents"). The Court finds that declaring Plaintiff to be the inventor of the Patents is relief available only to Plaintiff as an individual, and that the relief sought in the 2010 Action is not currently available in the 2009 Action, wherein the Plaintiff is a corporation.

While these two Actions share a common

transactional nucleus of facts as both claims seek declaratory relief for correction of inventorship and dispute the inventorship and ownership of the same five Patents, the Court finds that Plaintiff Laube must nonetheless be allowed to proceed with his individual claim for Declaratory Relief for Correction of Inventorship and Assignment of Patent Rights because only individuals and not corporations can be inventors under the U.S. patent statutes. See 35 U.S.C. § 115; 37 CFR § 1.41(a).

The Court finds that while Plaintiff Laube is in privity with the Plaintiff in the 2009 Action, Kim Laube & Co. Inc., preventing Kim Edward Laube from asserting his individual claim would be unjust in the context of a claim for Correction of Inventorship as only individuals and not corporations can be inventors under the U.S. patent statutes. Id.

While the Court finds that Plaintiff Laube must be given the opportunity to prosecute his individual claim, the Court also finds that Plaintiff has failed to adhere to the interests of judicial economy and efficiently litigate his individual claim. Accordingly, the Court **AMENDS** its January 28, 2011 Order by **GRANTING** Defendant's Motion to Dismiss and

///
///
///
///

**DISMISSING WITHOUT PREJUDICE** Plaintiff Laube's single cause of action for Declaratory Relief for Correction of Inventorship and Assignment of Patent Rights.

DATED: April 5, 2011

**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge